# 11UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEVIN CLEVELAND,

        Petitioner,        Case Number: 2:17-11653
                                          HONORABLE SEAN F. COX

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF
## HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Devin Cleveland seeks habeas corpus relief under 28 U.S.C. § 2254. Petitioner is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2)a, and unarmed robbery, Mich. Comp. Laws § 750.530. He seeks relief on the grounds that his convictions are against the great weight of the evidence and insufficient evidence supported his convictions. Respondent argues that Petitioner's claims lack merit. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.    Background**

Petitioner's convictions arise from a home invasion at the home of Raymond and Aletha Stewart in Detroit, Michigan. The Michigan Court of Appeals provided the following summary of the facts adduced at trial leading to Petitioner's convictions:

> On the evening of May 30, 2014, the Stewart family returned home to find their various household electronics piled near the front door. The family

patriarch entered to investigate and discovered that someone had broken a bathroom window to enter the home. Mr. Stewart surprised defendant who was standing in a bedroom. Although the house was dark, Mr. Stewart observed defendant in the glow of a neighbor's flood light that shined through the window. Defendant jumped out of the bedroom window, dropping his cell phone in the process. Defendant's ownership of the phone was established because his photograph was the home screen image and because defendant later told Mrs. Stewart that it belonged to him. Mr. Stewart chased and apprehended defendant and restrained him until the police arrived. Defendant resisted, grabbing and "swing[ing]" at Mr. Stewart. Thereafter, the Stewarts reported that three televisions and a laptop computer were missing from the home.

*People v. Cleveland,* No. 2016 WL 683164 at *1 (Mich. Ct. App. Feb. 18, 2016).

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of first-degree home invasion and unarmed robbery. On October 7, 2014, he was sentenced to 9 to 20 years for the home invasion conviction and 3 to 20 years for the unarmed robbery conviction. He filed an appeal of right in the Michigan Court of Appeals, raising the claims raised in this petition. The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal. *People v. Cleveland*, 500 Mich. 866 (2016).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I. Petitioner's convictions for home invasion and unarmed robbery are against the great weight of the evidence.

II. There was insufficient evidence to convict Petitioner of home invasion and armed robbery.

Respondent has filed an answer in opposition arguing that the claims are without merit.

## II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a

'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of

4

his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

Petitioner argues that the verdict is against the great weight of the evidence and that the evidence presented was insufficient to support his convictions.

Petitioner's argument that the verdict is against the great weight of the evidence does not state a federal constitutional claim. Under Michigan law, a trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642 (1998) (internal quotation omitted). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude." *Id.* at 634, n. 8. A great weight of the evidence claim alleges an error of state law, which is not cognizable on habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"); *Threatt v. Harry*, No. 18-1709, 2018 WL 6721774, *2 (6th Cir. Oct. 10, 2018) (holding that

5

a claim that a convictions is against the great weight of the evidence does not present a federal constitutional question).

A sufficiency of the evidence claim is cognizable on habeas review. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency

determination as long as it is not unreasonable." *Id.* In short, "deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; [then] deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted). The *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Petitioner claims that the evidence was insufficient to support his convictions because there was no evidence that anything had actually been taken from the Stewart residence and because the chain of evidence for the cell phone which provided a link to Petitioner had been broken. Under Michigan law, first-degree home invasion consists of three elements: (1) breaking and entering a dwelling or entering a dwelling without permission; (2) intending when entering to commit a felony, larceny, or assault in the dwelling, or at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault; and (3) while entering, present in, or exiting the dwelling, the defendant is either armed with a dangerous weapon, or another person is lawfully present in the dwelling. *People v. Wilder*, 485 Mich. 35, 43 (2010). To be found guilty of unarmed robbery, "a defendant must (1) feloniously take the property of another, (2) by force or violence or assault or putting in fear, and (3) be unarmed." *People v. Harverson*, 804 N.W.2d 757, 761 (Mich. Ct. App. 2010).

The Michigan Court of Appeals held that sufficient evidence was presented for the trier of fact to find Petitioner guilty of first-degree home invasion and unarmed robbery. *Cleveland*, 2016 WL 683164 at *2-*3. In reaching this decision, the state court relied upon

7

the following evidence: Mr. Stewart identified Petitioner as the perpetrator; the factfinder obviously found Mr. Stewart's identification testimony credible; Petitioner or an accomplice unlawfully entered the home by breaking a window and then pooled valuable items near the front door; Petitioner used force and violence to try to escape Mr. Stewart's grasp; and Petitioner's cell phone was found in the home after he fled. *Id.* The state court rejected Petitioner's argument that the chain of custody for the cell phone was broken and the phone, therefore, could not be considered as evidence because any question of the cell phone's authenticity went to the weight of the evidence rather than its admissibility. *Id.* at *3. Finally, the Michigan Court of Appeals rejected Petitioner's claim that he could not be found guilty of these offenses because he did not leave the Stewart home with any of their property. To be guilty of home invasion, a defendant "need only *intend* to commit a larceny or felony." *Id.* (emphasis in original). And, to be guilty of unarmed robbery, "it suffices that a defendant *attempt* to steal property." *Id.* (emphasis in original). Neither of these crimes requires a completed theft to convict. *Id.*

When assessing a sufficiency of the evidence claim on habeas review, the Court may not re-weigh evidence or redetermine witness credibility. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The Court presumes the correctness of the facts relied upon by the Michigan Court of Appeals; Petitioner has not rebutted that presumption. The evidence that Mr. Stewart identified Petitioner as the perpetrator and that Petitioner's cell phone was found in the home amply support the Michigan Court of Appeals' decision on the sufficiency of the evidence. Habeas relief is denied.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 20, 2019